UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARTHUR LEE JOHNSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACA HELPLINE, LLC, <br><br> Defendant. | CAUSE NO. 3:24cv663 DRL-SJF |

OPINION AND ORDER

Arthur Lee Johnson brings this putative class action against ACA Helpline, LLC, alleging the company made to him and others telemarketing calls in violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, and seeking an injunction and statutory damages. ACA Helpline moves to dismiss injunctive relief for lack of subject matter jurisdiction under Rule 12(b)(1) and to strike from the complaint mention of Rule 23(b)(2) class certification as impertinent under Rule 12(f). The court grants the motion.

BACKGROUND

The TCPA directs the Federal Communications Commission (FCC) to enact regulations to protect residential telephone subscribers from objectionable solicitations. 47 U.S.C. § 227(c)(2). It also authorizes a private right of action for damages and injunctive relief to anyone who has received more than one solicitation in violation of these regulations within a 12-month period. 47 U.S.C. § 227(c)(5). Accordingly, the FCC established the National Do Not Call Registry and forbids telephone solicitation to any residential phone number added to the list. 47 C.F.R. § 64.1200(c)(2).

The court accepts the complaint's well-pleaded facts as true. Mr. Johnson says he received telemarketing calls soliciting health insurance to a personal residential phone number from ACA Helpline's call center on April 26 and 29, 2024 [1 ¶ 23, 26]. His number has been listed on the registry

since January 2024, and he never consented to receive calls from the company [*id.* ¶ 21-22]. He alleges that he was harmed by the calls, which improperly invaded his privacy, and other members of the putative class experienced the same calls and harms [*id.* ¶ 30-37].

Mr. Johnson filed this suit on August 8, 2024 on behalf of himself and the putative class, "pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3)" and asserting jurisdiction under 28 U.S.C. § 1331 [1 ¶ 8, 33]. He proposes a class of "[a]ll persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the complaint" [*id.* ¶ 34]. He asks the court to certify the class, to enjoin ACA Helpline from making telemarketing calls to persons on the registry, and for statutory damages for each of ACA Helpline's TCPA violations [*id.* ¶ A-C].

## DISCUSSION

ACA Helpline says Mr. Johnson lacks standing to pursue injunctive relief. Article III of the United States Constitution requires a plaintiff to have standing, a personal stake in the case. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Standing is "an essential ingredient of subject-matter jurisdiction." *Brazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). To demonstrate standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. "[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *Id.* at 431.

A concrete injury is real, not abstract. *Id.* at 424. When a person seeks injunctive relief to prevent a future harm, his injury is concrete "so long as the risk of harm is sufficiently imminent and

substantial." *Id.* at 435-36; *see also City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). When Congress has created a statutory prohibition and a cause of action, the court remains responsible for evaluating whether a plaintiff has suffered a concrete harm under Article III. *TransUnion*, 594 U.S. at 426.

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile*, 983 F.3d at 279. When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, a plaintiff facing a factual attack doesn't enjoy the treatment of his allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

ACA Helpline, mounting a facial attack on the complaint, says Mr. Johnson only alleges he received two telephone calls in April 2024. The result, it says, is he can't establish standing because he hasn't pleaded a continuing or likely future injury. Mr. Johnson responds that he doesn't need to plead a continuing or future injury due to an exception to the typical standing requirements for class action cases when the timeframe of an alleged injury is brief. He says he can continue to pursue the interests of the proposed class under this exception.

Though Mr. Johnson correctly identifies an exception for the justiciability of class action cases—namely an exception to mootness—his focus instead needs to be on standing. A properly certified class action can proceed even if the named plaintiff's claims are rendered moot. *Sosna v. Iowa*, 419 U.S. 393, 399-402 (1975); *Whitlock v. Johnson*, 153 F.3d 380, 384 (7th Cir. 1998). However, "a representative's claim must at least be live when he files the case." *Robinson v. City of Chicago*, 868 F.2d 959, 968 (7th Cir. 1989); *see, e.g.*, *Simic v. City of Chicago*, 851 F.3d 734, 738-39 (7th Cir. 2017) (lead

plaintiff for putative class action fined for "texting while driving" lacked standing to enjoin ordinance's enforcement for want of concrete plans to violate it in the future). The question here is whether Mr. Johnson had standing to seek an injunction at the start of this case, not whether his claim is moot.

"'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (quoting *Lyons*, 461 U.S. at 102). Whether Mr. Johnson alleges ACA Helpline systemically makes calls in violation of the TCPA, he nowhere alleges "a real and immediate threat that he would again be" called by ACA Helpline. *Lyons*, 461 U.S. at 105. He has thus failed to plead "a likelihood of substantial and immediate irreparable injury," which is a "prerequisite of equitable relief." *Lyons*, 461 U.S. at 111 (quotation and citation omitted). Mr. Johnson's claim for equitable relief based on only "the possibility" that he "would suffer any injury as a result of" ACA Helpline's telemarketing practices is "too speculative." *Robinson*, 868 F.2d at 968; *see Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 395 (7th Cir. 2019). His claim for injunctive relief must be dismissed.

ACA Helpline also asks the court to strike the request for Rule 23(b)(2) injunctive relief class. "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). At times, however, they "remove unnecessary clutter from the case," so "serve to expedite, not delay." *Id.*

A court may deny class certification before a plaintiff moves to certify. *See Kasalo v. Harris & Harris Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011); *see also* Fed. R. Civ. P. 23(c)(1)(A) (court must determine whether to certify the class "[a]t an early practicable time"). The court "need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination." *Kasalo*, 656 F.3d at 563.

4

Class certification under Rule 23(b)(2) is proper, in part, when "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). ACA Helpline says Mr. Johnson's lawsuit is incompatible with a Rule 23(b)(2) class because he asks for damages that aren't "incidental" to the injunctive relief he seeks. Mr. Johnson argues the court should wait until the issues are more completely presented upon a motion to certify the class after initial discovery.

Mr. Johnson reasonably suggests discovery could reveal the possibility of future violations by ACA Helpline and, on incidental damages, implies a "hybrid class action" or "divided certification"—in which a Rule 23(b)(2) class is certified for injunctive relief and, if successful, a Rule 23(b)(3) class is certified for damages—may be viable. *See Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 371-72 (7th Cir. 2012); 2 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 4:38 (6th ed.). Even if true, Mr. Johnson's "lack of standing to seek injunctive relief also means that [he] may not seek that relief on behalf of the putative class." *Simic*, 851 F.3d at 740. Because Mr. Johnson is unable to seek injunctive relief, mention of Rule 23(b)(2) is impertinent. The court will strike the reference.

## CONCLUSION

For these reasons, the court GRANTS ACA Helpline's motion [8], DISMISSES Mr. Johnson's claim for injunctive relief without prejudice, and strikes from the complaint [1] the language "23(b)(2) and/or" in paragraph 33.

SO ORDERED.

January 24, 2025                               *s/ Damon R. Leichty*
                                               Judge, United States District Court